IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESLIE REDMOND, § | | |
| Petitioner § | | |
| § | | |
| v. § | | 3:14-CV-1868-K |
| § | | (3:03-CR-377-K-1) |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

MEMORANDUM OPINION AND ORDER

Petitioner, a federal prisoner, has filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, it is ordered that this successive Section 2255 motion be transferred to the United States Court of Appeals for the Fifth Circuit.

I.

Pursuant to a plea agreement, Petitioner pleaded guilty to four counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); two counts of bank robbery, in violation of 18 U.S.C. § 2113(a); and two counts of using, carrying and brandishing a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Petitioner was sentenced to 12 months' imprisonment on the six robbery counts, to run concurrently with each other; seven years' imprisonment on one firearm count, to run consecutive to the robbery counts; and 25 years' imprisonment on the second firearm count, to run consecutive to the first firearm count. *See United States v. Redmond*, 3:03-CR-377-K-1 (N.D. Tex. 2005). Petitioner

appealed, and the Fifth Circuit dismissed the appeal as frivolous in light of his counsel's *Anders* brief. *See United States v. Redmond*, No. 05-10645 (5th Cir. Aug. 21, 2007), *cert. denied* (Feb. 19, 2008). Petitioner has also unsuccessfully sought previous relief pursuant to Section 2255. *See Redmond v. United States*, 3:08-CV-1129-K (N.D. Tex.), *C.O.A. denied*, No. 09-10062 (5th Cir. 2009), *cert. denied* (Mar. 22, 2010).

By this action, Petitioner again collaterally attacks his conviction, this time relying on the Supreme Court's decision in *Alleyne v. United States*, --- U.S. ----, 133 S. Ct. 2151 (2013). [Doc. 2 at 3-4].

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. §§ 2255(h), 2244(b). In general, to raise a new claim, the petitioner must show that the successive motion is based on: (l) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*). Before a petitioner may file a successive application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes

the requisite prima facie showing. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A)-(B). As such, Section 2244(b)(3)(A) bars a district court's consideration of a successive habeas application unless the United States Court of Appeals first grants the petitioner permission to file such an application. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Here, Petitioner asserts that this Court has jurisdiction over his successive petition pursuant to 28 U.S.C. § 2255(f)(3) because *Alleyne* "is a 'watershed' rule without which the likelihood of an accurate conviction is seriously diminished and which alters the understanding of the bedrock procedural elements essential to the fairness of a proceeding." [Doc. 2 at 3]. The Court is without jurisdiction to consider this argument, however, because the Fifth Circuit has not issued an order authorizing the Court to consider this successive Section 2255 motion. *See, e.g., In re Sepulvado*, 707 F.3d 550, 556 (5th Cir. 2013) ("Because the petition is successive, the district court did not have jurisdiction to consider it in light of the fact that [petitioner] did not obtain our prior authorization pursuant to § 2244(b)(3)(A).").

Petitioner must obtain authorization from the Fifth Circuit before he can file a successive application challenging his conviction. Therefore, this Section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

The Court also notes, however, that the Fifth Circuit has held that *Alleyne* is

not retroactively applicable to successive Section 2255 motions. *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *see also United States v. Ennis*, 559 F. App'x 337, 339 (5th Cir. Mar. 13, 2014) (per curiam) ("*Alleyne* does not allow a prisoner to bring a successive motion under § 2255(h)(2).").

## III.

The successive Section 2255 motion is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3).

SO ORDERED.

Signed October 1st, 2014.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE